MISSOURI PAC. R. CO. *v.* TEXAS & PAC. R. CO., (LABOY, Intervenor.)[1]

*(Circuit Court, E. D. Louisiana. June 16, 1888.)*

CARRIERS—OF PASSENGERS—INJURIES—BOARDING MOVING TRAIN.

No recovery can be had from a railroad company for injuries received while attempting to board a moving train without the advice or direction of defendant's agents.[2]

On Exceptions to Master's Report.

The intervenor, William Laboy, sought to recover of the Texas & Pacific Railroad Company damages for injuries received while attempting to board the defendant's train, operated by the receivers of said road. The master reported adversely to the claim, and the intervenor excepted.

---

[1] Publication delayed by inability to obtain copy of opinion at time of rendition.

[2] On the general subject of negligence in alighting from and boarding moving trains, see Covington v. Railroad Co., (Ga.) 6 S. E. Rep. 593, and note; Watson v. Railway Co., (Ga.) 7 S. E. Rep. 854, and note.

Charles O. Lauive and C. S. Kellogg, for intervenor.
L. De Poorter, for tne receiver.

PARDEE, J. The evidence establishes, as the master reports, that the intervenor received the injuries of which he complains in attempting to get on the passenger train of the Texas & Pacific Railway Company while the same was in motion, and before it stopped at a regular station on the line; that in so getting on the train he was neither advised nor compelled by the agents of the company; and that the intervenor's said attempt contributed directly to his injuries. It is the settled jurisprudence of Louisiana, whose laws control as to the responsibility in this case, that no person can recover damages for injuries received where he has himself contributed to the negligence which caused the injury. See Knight v. Railroad Co., 23 La. Ann. 462, and cases there cited. Attempting to mount a moving railroad train without the advice and direction of the railroad's agents, is negligence, according to all respectable authorities, text-books, and adjudged cases. See Shear. & R. Neg. § 283; Hutch. Carr. § 641; 2 Ror. R. R. 1111. The case of Knight v. Railroad Co., above cited, was directly on the point. The exceptions to the master's report will be overruled, and the report will be confirmed.